SPENCER KELLOGG *et al.*, Respondents, *v.* GEORGE FAR-
QUHAR *et al.*, Appellants.

*Supreme Court, Fifth Department, General Term, December 30, 1889.*

*Principal and surety. Release.*—A surety on a bond for the faithful per-
formance of an agent to sell goods, which recites that he is to sell with-
in a specified territory, is not released from liability by an extension
of territory, or by sales made outside of the specified limit.

Appeal from a judgment entered on the decision of the
Erie circuit upon a trial before the court, without a jury.

*Spencer Clinton,* for respondents.

*E. V. Chamberlain,* for appellants.

MACOMBER J.—The instrument upon which this action is
brought is a bond, except that it has no seal. Its recital is
that the plaintiffs have entered into an agreement with the
defendant Farquhar whereby the latter was to sell brooms,
manufactured by the plaintiffs, in the territory of New York
and Brooklyn, and that Farquhar was to pay for each ship-
ment of brooms within ninety days. The condition of the
obligation is as follows : " If the said George Farquhar, Jr.,
shall perform on his part all the terms of his said agreement
with Kellogg and McDougal, and shall in all respects per-
form his legal duty toward them and shall pay for said brooms
within ninety days from the date of each and every shipment
of said brooms to him (said George Farquhar, Jr.), then this
obligation to be void ; otherwise, to remain in full force and
effect."

The only defence set forth to the claim made by the plaint-

iffs which is worthy of consideration is the plea that the territory where Farquhar was authorized to sell brooms, namely, New York city and the city of Brooklyn, was without the consent of surety Clapp extended so as to include Jersey City and Hoboken, in the state of New Jersey. A proper construction of the agreement made by the surety, however, shows that such a defense is unavailing. It is founded upon a misconstruction of the contract of the parties. There was no prohibition against Farquhar selling the brooms in whatever market he might find. So far as the sales were restricted at all by the terms of the agreement, the restriction lay upon the plaintiffs, who had agreed not to ship their rooms to any other sellers in the cities of New York and Brooklyn. There was no restriction placed upon the region in which Farquhar might operate. In the letter inclosing to the plaintiffs the instrument sued upon, it is stated as follows: " You ship all brooms direct to me at Wallabout market, Brooklyn, and to sell or ship to no other house or houses who may, in any way, conflict with my trade in Brooklyn, New York and Jersey City, or come in competition with me, and that all brooms shipped to me by you are to be invoiced by you at ninety days at current selling prices, etc., * * * and finally that I am to handle no other brooms but your make. This agreement to continue in force as long as it is mutually satisfactory. My territory to comprise the cities of New York, Brooklyn and Jersey City."

There is a verbal discrepancy in the recital of the agreement and the letter accompanying its delivery. In such recital, the words " Jersey City " did not occur. This is however, quite unimportant, because there is nothing in the agreement which restricted the sales made by Farquhar to any locality whatever. In the absence of a positive restriction thereon the surety is not in any position to interpose the objection now, that his undertaking was not to answer generally for the failure of Farquhar to pay for the several shipments at ninety days. Much of the law relating to prin-

cipal and surety, and to the cases in which a surety is absolved where the terms of the contract have been departed from, has been laid before us in an elaborate brief of the appellants' counsel. But if the foregoing views are correct, many of the citations made by him are inapplicable. When the rights of a surety are to be determined by the construction of the paper which he has executed, he has no immunities that are not common with all persons sustaining contractual relations with others. Belloni v. Freeborn, 63 N. Y. 383. This is the only matter in the defense of sufficient moment to require any comment.

The judgment appealed from should be affirmed.

BARKER, P. J., and DWIGHT, J., concur.